UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24805

DINA GOLDSTEIN,

       Plaintiff,

vs.

TOWN OF SURFSIDE, FLORIDA,

       Defendant.

_____/

## COMPLAINT

Plaintiff, Dina Goldstein, sues Defendant, Town of Surfside, Florida, as follows:

*Parties, Jurisdiction, and Venue*

1.      Plaintiff, Dina Goldstein, is over 18 years old and has been a sui juris resident of Miami-Dade County, Florida, at all times material.

2.      Plaintiff worked as an employee of the Defendant from approximately March 31, 2008, to November 7, 2024.

3.      During the relevant time, Plaintiff worked as an "Executive Assistant: and then as a "Senior Executive Assistant" for the Defendant's Chief(s) of Police.

4.      Defendant, Town of Surfside, Florida, is a sui juris political subdivision of the State of Florida and a Florida municipal corporation that was authorized to conduct and actually conducted business in this District.

1

5.      This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, et seq., and pendent/supplemental jurisdiction over her related claims brought under Florida state law.

6.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because the Defendant municipality is located in this District, Plaintiff worked and was due to be paid in Miami-Dade County, and because most, if not all, the operational decisions were made in this District.

7.      Any conditions precedent to filing this lawsuit occurred and/or were satisfied by Plaintiff.

8.      Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

<u>COUNT I - FLSA OVERTIME WAGE VIOLATION(S)</u>

Plaintiff, Dina Goldstein, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

*FLSA Jurisdictional Allegations*

9.      Plaintiff consents to participate in this lawsuit.

10.     Plaintiff was an employee of the Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

11.     Plaintiff was a non-exempt employee of the Defendant.

12.     Plaintiff's job duties evolved over time, but included the following that she would perform for the Defendant:

   a.   Preparing weekly updates of the Police and Parking Department;

2

b.  Preparing monthly Reports for the Town Manager;

c.  Responsibilities involving accounts payable and requestion requests for Police and Parking;

d.  Sending reminders for employee evaluations, checking them for completeness, sending them to Human Resources for step increases, and other non-decisional tasks related thereto;

e.  Processing the paperwork for new police and parking hires and creating personnel books for them;

f.  Preparing "Thank You" letters and memos on behalf of the Chief and Assistant Chief of Police;

g.  Compiling the weekly, monthly, and yearly crime statistics for publication;

h.  Coordinating the yearly Chiefs dinner;

i.  Coordinating Community events such as Citizens Police Academy (CPA), coffee with the police, kids summer camp program, Halloween candy and Holiday toy giveaways, and other community outreach;

j.  Purchasing all office supplies after receiving authorization;

k.  Entering payroll information for police and parking department personnel by transposing information she receives into the payroll program; and

l.  Issuing Business Parking Permits after receipt of application, and processing of payment by the Finance Department based on rates established by others.

13.  Plaintiff did not have, as her primary or other job duty, the ability to exercise discretion in matters of significance and was, instead, responsible for following the procedures provided to her while allowing others to exercise that discretion and to act in accordance therewith.

14.  Plaintiff's paid Plaintiff at the following hourly rates:

a.  $37.70 per hour from October 1, 2022, to September 20, 2022;

b.  $38.4165 per hour from February 1, 2023, to October 1, 2023;

    c.  $39.6153 per hour from October 2, 2023, to December 24, 2023; and

    d.  $39.6153 per hour as of December 25, 2023.

15.    To the extent that records exist regarding the exact dates of Plaintiff's employment, Defendant is believed to have such records (or the FLSA requires the Defendant to make and keep these records).

16.    Plaintiff regularly and routinely utilized telephones, cellular telephones, computers, computer networking equipment, and other goods and supplies that moved through interstate commerce.

17.    Defendant regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendant an enterprise covered by and subject to the requirements imposed by the FLSA.

18.    Defendant has been, at all times material, an enterprise engaged in interstate commerce in conducting its official business, which includes the performance of facilities maintenance, police work, parks and recreation, public works, and other business carried out by this municipality using products, goods, and materials that have moved through interstate commerce.

19.    The Defendant municipality uses toner, printers, pens, paper, furniture, phone systems, vehicles, machinery, appliances, telephones, computers, computer networking equipment, computer software, telephones, telephone equipment, body cameras, tasers, handguns, and other

4

goods, materials, and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

20.     Defendant also communicated with its workers and with others by regularly and routinely using telephones, computers, and portable computing devices to transmit information through email, messaging services, and the Internet, and these transmissions regularly and routinely traveled outside the State of Florida.

21.     Defendant also engages in interstate commerce through the regular and recurrent sending and/or receipt of money outside of the State of Florida.

22.     Defendant's annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the preceding three years.

23.     The Defendant paid the Plaintiff a salary for her work, increasing it over time in line with the cost of living and her excellent work performance.

24.     Plaintiff's primary duties involved tasks in which she could not make significant decisions and that did not involve her ability to exercise discretion for any matters of significance.

25.     Plaintiff regularly and routinely worked over 40 hours in one or more workweeks for Defendant, including work performed on weekends, particularly on Sundays when she would perform work related to the payroll of its Police Department.

26.     The Defendant knew that the Plaintiff worked more than 40 hours in one or more workweeks and that she did not "put in for" or request overtime pay.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

27.     Despite its knowledge, the Defendant did not pay Plaintiff overtime wages calculated at one and a half times Plaintiff's regular hourly rate for the hours she worked beyond 40 hours in a given workweek.

28.     Plaintiff suffered damages because Defendant did not pay her all the overtime wages she earned during the time relevant to this lawsuit.

29.     Defendant willfully and intentionally refused to pay Plaintiff wages at one and one-half times Plaintiff's regular hourly rate for each hour of overtime (or part thereof) worked during the relevant time period.

30.     Defendant either recklessly failed to investigate whether its failure to pay Plaintiff time and one-half overtime wages for the overtime hours she worked during the relevant time violated the FLSA, intentionally misled Plaintiff into believing she was not required to pay overtime wages, and/or devised a scheme that deprived Plaintiff of the overtime pay earned.

31.     Plaintiff is entitled to recover from the Defendant all overtime wages but not timely paid, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

WHEREFORE Plaintiff, Dina Goldstein, demands the entry of a judgment in her favor and against Defendant, Town of Surfside, Florida, as follows:

a. That Plaintiff be awarded compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff be awarded pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff be awarded all other interest allowed by law;

e. That the Court declare Defendant to have willfully violated the FLSA; and

6

f.   Award Plaintiff such other and further relief as the Court deems just and proper.

<u>COUNT II – BREACH OF CONTRACT</u>

Plaintiff, Dina Goldstein, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein, and further alleges as follows:

32.   The Defendant offered the Plaintiff an employment opportunity, under which she would perform her work each day in exchange for an agreed-upon salary, vacation time (paid time off) based on her tenure and months worked, various insurances, and other benefits related to her employment.

33.   Plaintiff dutifully accepted the Defendant's offer by performing her work in exchange for receiving the agreed-upon salary, vacation time, various insurances, and other benefits attendant to her employment.

34.   After Plaintiff completed 2 years of full-time employment, she was no longer an at-will employee based on the Defendant's policies, procedures, and ordinance(s).

35.   Defendant had a policy pursuant to which its employees would earn and/or accrue paid vacation time off, which they could either use as earned, accrue, or receive a payout for it at the end of each calendar year.

36.   Defendant documented this policy in its Personnel Policies and Procedures Manual, at Chapter 5 – Employee Benefits – Section F.(1a) Vacation Leave Eligibility and Rate of Earning.

37.   With respect to the paid vacation time off at issue, Defendant's policy was for Plaintiff to accrue paid vacation time off at a rate of 17.5 days (140 hours) per year for each year of service between years 11 and 15 and 20 days (160 hours) starting on her 16th year of employment.

7

38.     Although the Defendant's Personnel Policies and Procedures Manual provides for the forfeiture of all unused sick leave, it does not provide for the forfeiture of all accrued, unused vacation time off.

39.     Plaintiff continued to accrue paid vacation time off that she did not use during her employment with the Defendant.

40.     The Defendant's policy and practice was to pay employees for their accrued, but unused vacation time off in the payroll cycle that followed their cessation of employment with the Defendant.

41.     As further evidence of the Defendant's agreement to pay for accrued, unused vacation time, and its policy and practice of paying this upon cessation of employment and as a benefit attendant to employment with the Defendant,

42.     The Plaintiff knew of the Defendant's policy to pay for accrued, unused vacation time off once an employee ceases working, based on her years of faithful service and her job duties.

43.     Based on the agreement to pay employees for their accrued, unused time off during the payroll cycle following an employee's termination of employment, Plaintiff accrued paid vacation time off and did not use it as it accrued.

44.     The Plaintiff's employment with the Defendant ceased on November 7, 2024.

45.     Defendant breached its agreement with the Plaintiff by failing and refusing to pay her for the paid vacation time of she accrued but did not use once her employment with the Defendant ceased.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

46.     Plaintiff has been damaged as a direct and proximate result of Defendant's breach of the parties' agreement through by not timely paying the Plaintiff for the 363.95 hours of unused paid vacation time off accrued.

47.     Plaintiff seeks recovery of the paid time off that she accrued but did not use, interest thereon, and her attorney's fees and costs.

WHEREFORE Plaintiff, Dina Goldstein, demands the entry of a judgment in her favor and against Defendant, Town of Surfside, Florida, for all breach of contract damages suffered, pre-judgment and post-judgment interest, costs and attorney's fees incurred in this matter pursuant to Fla. Stat. §448.08, and for such other and further relief as this Court deems just and proper.

Respectfully submitted this 17th day of October 2025,

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:     305.230.4884
Counsel for Plaintiff

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4884
www.fairlawattorney.com