UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24805-MOORE/ELFENBEIN

DINA GOLDSTEIN,

    Plaintiff,

vs.

TOWN OF SURFSIDE, FLORIDA,

    Defendants.
_____/

## PLAINTIFF'S STATEMENT OF CLAIM

Plaintiff, Dina Goldstein, pursuant to the Court's Order entered October 21, 2025 [ECF No. 4], files this Statement of Claim based on the information known to Plaintiff and estimates as follows:

### *Preliminary Statement*

This Statement of Claim is not to be construed as a demand, nor as an exact quantification of her damages, but merely as a case management tool required by the Court. *See Calderon v. Baker Concrete Const., Inc.*, 771 F.3d 807, 811 (11th Cir. 2014) ("That document is an extra-Rules practice used by the district court for its convenience and to aid in case management. It does not have the status of a pleading and it is not an amendment under Rule 15 of the Federal Rules of Civil Procedure.")

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

*Information Requested by the Court*

1. Plaintiff does not have all the time, pay, and paid time off records from her (former) employment at this time, and so she must estimate the hours she worked, the pay she received for those hours, the time off she accrued but did not use, and the corresponding wages due.

2. Plaintiff prepared this Statement of Claim with the assistance of counsel.

3. Plaintiff's Statement of Claim is based upon the information currently known and/or available.

4. Plaintiff reserves the right to amend this Statement of Claim based on additional information provided by Defendant through discovery, and/or as additional/different information becomes known.

5. This Statement of Claim does not include any computation of damages other than those sought in the operative/pending Complaint, and is subject to revision through the course of discovery and/or the amendment of the Complaint.

**Estimate of Wages Owed**

6. Plaintiff estimates that she is owed $23,401.25, which is comprised of $6,778.56 in **unpaid overtime wages** and $16,622.69 in **accrued but unused paid vacation time**, calculated as follows:

A. <u>FLSA Overtime Wages</u>

7. Plaintiff seeks overtime wages under the Fair Labor Standards Act for hours worked between October 17, 2022, and June 9, 2024.

8. Plaintiff estimates that she is owed $6,778.56 in **unpaid overtime wages**, as calculated below:

2

| Pay Period | Date Worked | Overtime Hours | Regular Rate of Pay | Overtime Rate of Pay | Overtime Wages Owed |
|---|---|---|---|---|---|
| 10/17/22 - 10/30/22 | 10/30/22 | 3 | $37.7056 | $56.5584 | $169.6752 |
| 10/31/22 - 11/13/22 | 10/13/22 | 0 | $37.7056 | $56.5584 | $0 |
| 11/14/22 - 11/27/22 | 11/27/22 | 3 | $37.7056 | $56.5584 | $169.6752 |
| 11/28/22 - 12/11/22 | 12/11/22 | 3 | $37.7056 | $56.5584 | $169.6752 |
| 12/12/22 - 12/25/22 | 12/25/22 | 3 | $37.7056 | $56.5584 | $169.6752 |
| 12/26/22 - 1/8/23 | 1/8/23 | 0 | $37.7056 | $56.5584 | $0 |
| 1/9/23 - 1/22/23 | 1/22/23 | 3 | $37.7056 | $56.5584 | $169.6752 |
| 1/23/23 - 2/5/23 | 2/5/23 | 3 | $38.4615 | $57.6923 | $173.0768 |
| 2/6/23 - 2/19/23 | 2/19/23 | 3 | $38.4615 | $57.6923 | $173.0768 |
| 2/20/23 - 3/5/23 | 3/5/23 | 3 | $38.4615 | $57.6923 | $173.0768 |
| 3/6/23 - 3/19/23 | 3/19/23 | 3 | $38.4615 | $57.6923 | $173.0768 |
| 3/20/23 - 4/2/23 | 4/2/23 | 3 | $38.4615 | $57.6923 | $173.0768 |
| 4/3/23 - 4/16/23 | 4/16/23 | 3 | $38.4615 | $57.6923 | $173.0768 |
| 4/17/23 - 4/30/23 | 4/30/23 | 3 | $38.4615 | $57.6923 | $173.0768 |
| 5/1/23 - 5/14/23 | 5/14/23 | 3 | $38.4615 | $57.6923 | $173.0768 |
| 5/15/23 - 5/28/23 | 5/28/23 | 3 | $38.4615 | $57.6923 | $173.0768 |
| 5/29/23 - 6/11/23 | 6/11/23 | 3 | $38.4615 | $57.6923 | $173.0768 |

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

| | | | | | |
|---|---|---|---|---|---|
| 6/12/23 - 6/25/23 | 6/25/23 | 3 | $38.4615 | $57.6923 | $173.0768 |
| 6/26/23 - 7/9/23 | 7/9/23 | 3 | $38.4615 | $57.6923 | $173.0768 |
| 7/10/23 - 7/23/23 | 7/23/23 | 3 | $38.4615 | $57.6923 | $173.0768 |
| 7/24/23 - 8/6/23 | 8/6/23 | 3 | $38.4615 | $57.6923 | $173.0768 |
| 8/7/23 - 8/20/23 | 8/20/23 | 3 | $38.4615 | $57.6923 | $173.0768 |
| 8/21/23 - 9/3/23 | 9/3/23 | 3 | $38.4615 | $57.6923 | $173.0768 |
| 9/4/23 - 9/17/23 | 9/17/23 | 3 | $38.4615 | $57.6923 | $173.0768 |
| 9/18/23 - 10/1/23 | 10/1/23 | 3 | $39.6153 | $59.4230 | $178.2689 |
| 10/2/23 - 10/15/23 | 10/15/23 | 3 | $39.6153 | $59.4230 | $178.2689 |
| 10/16/23 - 10/29/23 | 10/29/23 | 3 | $39.6153 | $59.4230 | $178.2689 |
| 10/30/23 - 11/12/23 | 11/12/23 | 0 | $39.6153 | $59.4230 | $0 |
| 11/13/23 - 11/26/23 | 11/26/23 | 3 | $39.6153 | $59.4230 | $178.2689 |
| 11/27/23 - 12/10/23 | 12/10/23 | 3 | $39.6153 | $59.4230 | $178.2689 |
| 12/11/23 - 12/24/23 | 12/24/23 | 3 | $39.6153 | $59.4230 | $178.2689 |
| 12/25/23 - 1/7/24 | 1/7/24 | 0 | $45.6730 | $68.5095 | $0 |
| 1/8/24 - 1/21/24 | 1/21/24 | 3 | $45.6730 | $68.5095 | $205.5285 |
| 1/22/24 - 2/4/24 | 2/4/24 | 3 | $45.6730 | $68.5095 | $205.5285 |
| 2/5/24 - 2/18/24 | 2/18/24 | 3 | $45.6730 | $68.5095 | $205.5285 |

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

| | | | | | |
|---|---|---|---|---|---|
| 2/19/24 - 3/3/24 | 3/3/24 | 3 | $45.6730 | $68.5095 | $205.5285 |
| 3/4/24 - 3/17/24 | 3/17/24 | 1 | $45.6730 | $68.5095 | $68.5095 |
| 3/18/24 - 3/31/24 | 3/31/24 | 3 | $45.6730 | $68.5095 | $205.5285 |
| 4/1/24 - 4/14/24 | 4/14/24 | 0 | $45.6730 | $68.5095 | $0 |
| 4/15/24 - 4/28/24 | 4/28/24 | 3 | $45.6730 | $68.5095 | $205.5285 |
| 4/29/24 - 5/12/24 | 5/12/24 | 3 | $45.6730 | $68.5095 | $205.5285 |
| 5/13/24 - 5/26/24 | 5/26/24 | 3 | $45.6730 | $68.5095 | $205.5285 |
| 5/27/24 - 6/9/24 | 6/9/24 | 3 | $45.6730 | $68.5095 | $205.5285 |
| | | | | Total: | $6,778.56 |

9. Plaintiff also seeks liquidated damages equal to the above unpaid/underpaid overtime wages owed to her under the **FLSA** ($6,778.56), plus reasonable attorneys' fees and costs pursuant to 29 U.S.C.§ 216(b).

B.  <u>Accrued Vacation Time</u>

10. Plaintiff claims that she is owed **$16,622.69** in **unpaid vacation time**, which is calculated by multiplying the 363.95 hours of paid vacation time that she accrued but did not use by her hourly rate of $45.6730 (the rate paid through the termination of her employment).

5

Attorneys' Fees and Costs

11. As of the filing of this document, Plaintiff has incurred the following attorneys' fees and costs:

| | |
|---|---|
| Costs: | <u>$ 405.00</u>* |
| Attorneys' Fees: | <u>$6,161.50</u> |
| Brian H. Pollock, Esq. ($500/hour × 6.11 hours) | $3,055.00 |
| P. Brooks LaRou, Esq. ($375.00/hour × 6.7 hours) | $2,512.50 |
| Steffany Sanguino ($165.00/hour × 3.6 hours) | $ 594.00 |
| Grand Total: | <u>$6,566.50</u> |

*Pending charges for service of process on Defendant.

The foregoing amounts are subject to increase commensurate with the expenditure of additional time, effort, and expense in this matter.

Respectfully submitted this 10th day of November 2025,

s/ <u>Patrick Brooks LaRou</u>
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*