UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-24805-MOORE/ELFENBEIN

DINA GOLDSTEIN,

    Plaintiff,

vs.

TOWN OF SURFSIDE,
FLORIDA,

    Defendant.
_____/

## PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO CONDUCT SETTLEMENT CONFERENCE

Plaintiff, Dina Goldstein, through her undersigned counsel and pursuant to Local Rule 7.1 and other applicable Rules and laws, moves this Court to extend the parties' deadline to conduct the Settlement Conference of this case, as follows:

### I. Relevant Procedural History

1. On October 17, 2025, Plaintiff filed her Complaint [ECF No. 1] asserting claims for unpaid overtime wages under the Fair Labor Standards Act, and for accrued but unused vacation time under Florida common law.

2. On October 21, 2025, the Court entered its Notice of Court Practice in Fair Labor Standards Act Cases and Referral to Magistrate Judge for Settlement Conference [ECF No. 4], requiring:

    a. Plaintiff to file her Statement of Claim within twenty (20) days of the Notice, and to serve Defendant with the Notice, her Statement of Claim, and all supporting

      documents promptly after Defendant's first appearance;

    b. Defendant to file its Response to Plaintiff's Statement of Claim within fifteen (15) days of receiving service of the Statement; and

    c. The Parties to conduct a Settlement Conference before Magistrate Judge Elfenbein within twenty (20) days after the date Defendant's Response to Plaintiff's Statement of Claim is due, or fifty-five (55) days of the Notice—whichever date is sooner.

3. Plaintiff timely filed her Statement of Claim [ECF No. 7] on November 10, 2025.

4. On November 12, 2025, Defendant was served with the Complaint and Summons [*see* ECF No. 8-1], making its response due December 3, 2025.

5. On November 26, 2025, Defendant appeared in this case by filing its Unopposed Motion for an Extension of Time to File a Response to Plaintiff's Complaint [ECF No. 9], requesting a twenty (20)-day extension to file its Response to the Complaint—until December 23, 2025.

6. On December 1, 2025, the Court granted Defendant's motion to extend the deadline to respond to the Complaint to December 23, 2025 [ECF No. 10].

7. On December 2, 2025, Plaintiff served Defendant with the Court's Notice [ECF No. 4], her Statement of Claim [ECF No. 7], and all supporting documents. [*See* ECF No. 11], making Defendant's Response to the Statement of Claim due on or before December 17, 2025.

## II. Good Cause for Extension

8. Good cause exists for extending the deadline to conduct the Settlement Conference. Defendant's responses to the Complaint and Plaintiff's Statement of Claim are not due until after the current Settlement Conference deadline imposed by the Court's Notice. Additionally, Defendant and its counsel have represented that they are unavailable to participate in a Settlement

Conference on or before the present deadline.

9.  The parties have conferred and identified the following three mutually agreeable dates for the settlement conference: (a) February 17, 2026; (b) February 18, 2026; and (c) March 10, 2026.

10. This request is made in good faith to allow the parties to engage in a meaningful and productive Settlement Conference and due to Defendant's lack of availability, and is not being made for the purpose of delay.

### III.  Legal Basis and Requested Relief

11. Under Federal Rule of Civil Procedure 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time… if a request is made before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1).

12. The requested extension is supported by good cause because Defendant has not yet filed its response to the Complaint or Plaintiff's Statement of Claim, and has been unable to conduct the Settlement Conference on or before the current deadline.

13. Courts have long recognized their inherent authority to manage their dockets "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997).

14. Accordingly, Plaintiff respectfully requests that this Honorable Court extend the deadline to complete the parties' Settlement Conference through and including March 10, 2026, so that the Settlement Conference may be scheduled on one of the dates identified above.

## LOCAL RULE 7.1 CERTIFICATION

I HEREBY CERTIFY that the office of the undersigned has conferred with Defendant's counsel, Marlene Quintana, Esq., regarding the relief sought herein, and that Defendant does not oppose this motion.

Respectfully submitted this 11th day of December 2025,

> s/ Patrick Brooks LaRou
> Brian H. Pollock, Esq. (174742)
> brian@fairlawattorney.com
> Patrick Brooks LaRou, Esq. (1039018)
> brooks@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue, Suite 770
> Coral Gables, Florida 33146
> Telephone: (305) 230-4884
> *Counsel for Plaintiff*