UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DINA GOLDSTEIN,

    Plaintiff,

v.                                                        Case No.  25-CV-24805-MOORE/Elfenbein

TOWN OF SURFSIDE,

    Defendant.

_____/

**DEFENDANT'S PARTIAL MOTION TO DISMISS
COUNT II OF PLAINTIFF'S COMPLAINT AND
MOTION TO STRIKE REQUEST FOR ATTORNEY'S FEES[1]**

Pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, Defendant, Town of Surfside (the "Town" or "Defendant"), by and through its undersigned counsel, hereby moves to dismiss the breach of contract claim ("Count II") asserted by Plaintiff, Dina Goldstein ("Plaintiff") against Defendant in the Complaint (ECF No. 1, "Compl.") for failure to state a claim upon which relief can be granted, and to strike Plaintiff's request for attorney's fees, and in support thereof, states as follows.

**SUMMARY OF THE ARGUMENT**

Count II of Plaintiff's Complaint asserts a breach of contract claim seeking payment of accrued, unused vacation time upon separation from employment. (Compl. ¶¶ 32–47). Plaintiff alleges she worked for the Town from approximately March 31, 2008, through November 7, 2024 (Compl. ¶ 2), during which time she accrued paid vacation time, and that the Town's "policies,

---

[1] Defendant moves to dismiss Count II solely to the extent Plaintiff asserts a breach-of-contract claim based on alleged entitlement to payment of accrued, unused vacation time upon separation. Defendant contends that, as pled, Count II relies on municipal personnel policies and practices rather than on a specific, enforceable contract creating a private right to payment. Defendant expressly reserves all other grounds for dismissal of Plaintiff's Complaint and reserves the right to raise additional arguments or defenses in subsequent briefing as appropriate and in accordance with the Federal Rules of Civil Procedure.

1

procedures, and ordinance(s)," as well as its alleged "policy and practice," obligated the Town to pay her for 363.95 hours of unused vacation upon separation, along with attorney's fees and costs. *Id.*

Even accepting Plaintiff's factual allegations as true solely for purposes of this Motion, Count II must be dismissed because Plaintiff does not plausibly allege the existence of any binding contract term—whether contained in an ordinance, resolution, written agreement, or policy adopted as a contract—requiring the Town to pay accrued vacation at separation. Rather than identifying a specific contractual provision or enactment creating such an obligation, Plaintiff relies on generalized and conclusory references to "policies," "procedures," and "practice." (Compl. ¶¶ 34–36, 40). Those allegations do not establish contract formation or mutual assent to a definite and enforceable promise. Florida law does not treat general personnel policies or alleged practices, standing alone, as enforceable contracts absent clear language showing intent to be bound and agreement on essential terms.

Count II is further deficient because Plaintiff attempts to plead entitlement by negative implication, alleging that because the Town's Personnel Policies and Procedures Manual purportedly provides for forfeiture of unused sick leave—but *does not* expressly provide for forfeiture of vacation leave—she must therefore be entitled to payout of accrued vacation. (Compl. ¶ 38). Silence, however, is not an affirmative contractual promise under Florida law and cannot supply an essential term that Plaintiff otherwise fails to plead. Plaintiff also omits factual allegations demonstrating her compliance with any procedures or conditions required to obtain any payout (Compl. ¶ 7) and similarly pleads a lump-sum hours figure without tying it to any binding contractual terms governing accrual limits, carryover, or payout methodology. (Compl. ¶ 46).

Finally, Plaintiff's request for attorney's fees pursuant to Florida Statute § 448.08 should be stricken under Rule 12(f), because Count II fails to plausibly allege a valid contract or a viable claim for unpaid wages. Where Plaintiff has not pled a legally cognizable basis for attorney's fees on that claim, she is not entitled to such relief. (Compl. ¶ 47). Accordingly, the Court should dismiss Count II and strike Plaintiff's attorneys' fees demand.

## MEMORANDUM OF LAW

### I. Rule 12(b)(6) Standard

Under Rule 12(b)(6), a complaint must be dismissed where it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a pleading must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). In sum, "[t]he plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556). Where a complaint fails to plead facts establishing each element of the claim—such as mutual assent to sufficiently definite essential terms in a breach of contract action—dismissal is required.

In Florida, a contract is valid when there is an "(1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Reel Games, Inc. v. Euro Game Tech., Ltd.*, No. 0:24-CV-60713, 2025 WL 1555407, at *6 (S.D. Fla. June 2, 2025) (quoting *Kolodziej v. Mason*, 774 F.3d 736, 740 (11th Cir. 2014)).

**II.     Rule 12(f) Standard**

Federal Rule of Civil Procedure 12(f) authorizes the Court to strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Courts within the Eleventh Circuit routinely strike requests for relief that are unavailable as a matter of law on the face of the pleadings, including demands for attorney's fees where no viable contractual or statutory basis is pled. *See Euro RSCG Direct Response, LLC v. Green Bullion Fin. Servs.*, 872 F. Supp. 2d 1353, 1360 (S.D. Fla. 2012) (striking demand for attorney's fees where plaintiff failed to articulate a contractual or statutory basis for its demand); *see also Ninghai Genius Child Prod. Co. Ltd. v. Kool Pak, Inc.,* No. 11–61205–CIV, 2012 WL 1203821, at *3 (S.D.Fla. Apr. 11, 2012) (same); *First Mut. Grp., LP v. Klein*, No. 14-CV-14462, 2015 WL 13650036, at *5 (S.D. Fla. June 19, 2015) (same)).

**III.    Count II Fails to Plausibly Allege a Valid and Binding Contract**

Under Florida law[2], a breach of contract claim requires allegations establishing "(1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999). Formation further requires mutual assent to sufficiently definite essential terms. *Matter of T & B Gen. Contracting, Inc.*, 833 F.2d 1455, 1459 (11th Cir. 1987) ("Without a meeting of the minds on all essential terms, no enforceable contract arises."); *see also Kolodziej*, 774 F.3d 736, 741. "If the essential terms [of the contract] are so uncertain that there is no basis for deciding whether the agreement has been kept or broken, there is no contract." *Aldora*

---

[2] This Court is exercising federal question jurisdiction over Plaintiff's Fair Labor Standards Act claim (Count I) and supplemental jurisdiction over Plaintiff's state law breach of contract claim pursuant to 28 U.S.C. §§ 1331 and 1367. (ECF No. 4). In such circumstances, the Court applies federal procedural law and state substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Accordingly, Federal Rules of Civil Procedure 12(b)(6) and 12(f) govern the pleading sufficiency and motion practice at issue here, while Florida law supplies the substantive standards governing Plaintiff's breach of contract claim and any asserted entitlement to attorney's fees.

*Aluminum & Glass Prods., Inc. v. Poma Glass & Specialty Windows, Inc.*, 683 F. App'x 764, 767 (11th Cir. 2017) (quoting *David v. Richman*, 568 So.2d 922, 924 (Fla. 1990)).

### A. Plaintiff fails to allege mutual assent to a definite contractual term requiring vacation payout upon separation.

Plaintiff's Complaint does not meet these standards. She alleges the Town "offered" employment in exchange for salary, vacation, insurance, and other benefits (Compl. ¶ 32), and that she "dutifully accepted the Defendant's offer by performing her work in exchange for receiving the agreed-upon salary." (Compl. ¶ 33). Plaintiff further alleges that, after two years of full-time employment, she was no longer an at-will employee based on the Town's "policies, procedures, and ordinance(s)" (Compl. ¶ 34). Plaintiff then alleges the Town had a vacation accrual policy and a year-end payout concept reflected in the Town's Manual (Compl. ¶ 35), and that the Town's "policy and practice" was to pay accrued, unused vacation after separation (Compl. ¶ 40). These are not allegations of mutual assent to a definite contractual promise to pay vacation upon separation. They are, at most, allegations of workplace policy and practice.

Defendant acknowledges that, unlike Florida Rule of Civil Procedure 1.130, the Federal Rules do not require a plaintiff to attach a contract to a complaint asserting a breach-of-contract claim. *See Mancil's Tractor Serv., Inc. v. T&K Constr., LLC*, No. 15-cv-80520, 2015 WL 12866331, at *3 (S.D. Fla. July 28, 2015) ("[T]here is no corresponding Federal Rule of Civil Procedure that requires a copy of the contract be attached to a complaint alleging a breach of contract claim.") The Town does not contend as much. Rather, the absence of any attached agreement, ordinance, resolution, or quoted operative language is relevant to—and underscores— the central Rule 12(b)(6) deficiency here: Plaintiff has not plausibly alleged the existence of an enforceable contract containing sufficiently definite essential terms. *See Kolodziej*, 774 F.3d 736, 741–42 (an enforceable contract requires mutual assent to sufficiently definite essential terms);

*see also Reel Games, Inc.*, 2025 WL 1555407, at *7 ("[T]his Court must dismiss those claims for failure to plead the existence of those contracts."

While a document or document(s) referenced in a complaint and central to a claim may be considered on a motion to dismiss even if not attached, *see Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005), Plaintiff here neither provides the operative contractual text nor pleads the essential terms of any agreement allegedly binding the Town, relying instead on generalized references to "policies," "procedures," and "practice," which is insufficient to state a plausible breach of contract claim under governing federal and Florida law.

This deficiency is particularly acute under Florida law governing employment manuals. Florida courts, and federal courts applying Florida law, have repeatedly held that "policy statements contained in employment manuals do not give rise to enforceable contract rights in Florida unless they contain specific language which expresses the parties' explicit mutual agreement that the manual constitutes a separate employment contract." *Quaker Oats Co. v. Jewell*, 818 So. 2d 574, 577 (Fla. 5th DCA 2002) ("This long-standing principle was announced nearly 20 years ago in the seminal case of *Muller v. Stromberg Carlson Corp.,* 427 So.2d 266 (Fla. 2d DCA 1983"); *see also Caravello v. Am. Airlines, Inc.*, 315 F. Supp. 2d 1346, 1352 (S.D. Fla. 2004) (explaining that "workplace rules or regulations alone do not give rise to enforceable contract rights under Florida law") (citing *McConnell v. Eastern Air Lines, Inc.,* 499 So.2d 68, 69 (Fla. 3rd DCA 1986) ("[E]mployers' letters, executive memoranda, and employee handbooks assuring at-will employees that they will not be terminated without just cause constitute 'unilateral policy statements' and cannot, without more, give rise to enforceable contract rights.")) For this reason, Count II warrants dismissal.

**B.     Plaintiff's breach of contract claim also fails as a matter of law because it is based on language in the Town's Manual.**

Although Plaintiff does not attach the alleged "contract," she affirmatively pleads that the Town documented the "policy" forming the bases of her breach of contract claim in Defendant's Personnel Policies and Procedures Manual, Chapter 5 – Employee Benefits – Section F.(1)(a) *Vacation Leave Eligibility and Rate of Earning*." (Compl. ¶ 36). That section of the Manual—which is publicly available on the Town's website[3] and incorporated by reference into Plaintiff's own pleading[4]—addresses only vacation accrual rates during employment, not payout upon separation. It states that "[e]ach non-contractual full-time employee will accrue vacation" at specified rates based on years of service, including 17.5 days (140 hours) per year for years 11–15 and 20 days (160) per year beginning year 16. (Manual, pp. 47-48). That section, which addresses accrual during employment, does not contain any language whatsoever promising payment of accrued vacation upon separation and thus does not supply the essential contract term which

---

[3] *See* Town of Surfside, Personnel Policies and Procedures Manual (rev. Apr. 2025), available at https://www.townofsurfsidefl.gov/docs/default-source/default-document-library/human-resources-documents/personnel-policies-and-procedures-manual-version-april-2025.pdf (last accessed Dec. 22, 2025) (attached hereto as Exhibit "A").

[4] The Court may take judicial notice of the Manual as a public record posted on the Town's official website, the accuracy of which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278–80 (11th Cir. 1999) (judicial notice of public records). The Court may take judicial notice at any stage of the proceeding. Fed. R. Evid. 201(b)(2). These materials are offered to show the absence of a contractual promise, not to resolve disputed facts, and thus "does not run afoul of … allegiance to Rule 12(b)." *Id*. In any event, if the Court declines to take judicial notice of the Manual, dismissal is still warranted because Plaintiff's breach of contract claim fails on the face of the Complaint itself, which does not plead mutual assent to a definite contractual term requiring payout upon separation. The Town's Rule 12(b)(6) arguments therefore do not depend on consideration of the Manual and independently compel dismissal based on the four corners of the pleading.

Plaintiff claims was breached. In fact, nowhere in the Manual is there any language providing that accrued vacation shall be paid upon separation.

Further, the Manual expressly disclaims contractual effect and preserves managerial discretion, providing explicitly that it "does not give rise to any contractual rights," is not intended to limit the Town's authority, and may be modified at any time. (Manual, pp. 2, 77). Courts routinely dismiss breach of contract claims premised on personnel manuals that contain such disclaimer language thereby preserving employer discretion. *See Rumbel v. Suggs*, 908 F. Supp. 901, 904–05 (M.D. Fla. 1995) (granting motion to dismiss where personnel manual expressly stated it was not contractually binding); *see also Lozano v. Marriott Corp.*, 844 F. Supp. 740, 744–45 (M.D. Fla. 1994) ("Plaintiff's attempt to incorporate the contents of the Handbook into the terms of an employment contract governing the rights and the obligations of the parties is without merit and contrary to applicable Florida law."))

Additionally, Plaintiff alleges that because the Manual provides for forfeiture of unused sick leave but "does not provide for the forfeiture" of unused vacation, she is entitled to payout of accrued vacation at separation. (Compl. ¶ 38). That is not a contract term, but rather it is an inference drawn from alleged silence. Florida law requires mutual assent to definite essential terms and does not permit essential obligations to be supplied by speculation or negative implication. *See Kolodziej*, 774 F.3d at 741–42; *Reel Games, Inc.*, 2025 WL 1555407, at *10 (S.D. Fla. June 2, 2025) (granting motion to dismiss breach of contract claims where "[Plaintiff] has not met its burden here to show an actual, not a speculative, conflict")).

In sum, Plaintiff fails to state a claim for breach of contract, because employee handbook language, standing alone and unaccompanied by allegations of explicit mutual agreement, cannot plausibly establish a contractual obligation requiring payout of accrued vacation upon separation.

Because Plaintiff cannot plead the affirmative essential term explicitly agreed upon by the parties which requires payout upon separation, Count II is properly dismissed with prejudice.

**IV.** **Plaintiff's Demand for Attorney's Fees Under Fla. Stat. § 448.08 Should Be Stricken**

Plaintiff seeks attorney's fees in Count II "pursuant to Fla. Stat. § 448.08." (Compl. ¶ 47). "[T]here is no stand-alone claim for attorney's fees in Florida; such fees can only be recovered pursuant to an entitling statute or an agreement of the parties." *Myers v. TooJay's Mgmt. Corp.*, 419 B.R. 51, 60 (M.D. Fla. 2009), *aff'd,* 640 F.3d 1278 (11th Cir. 2011) (citing *Dade County v. Pena,* 664 So.2d 959, 960 (Fla.1995)). Under Fla. Stat. § 448.08, "there must be 'an action for back wages'" to implicate the statutory entitlement to attorney's fees. *Id*.

Because Plaintiff fails to state a plausible claim that the Town owed her a contractual payout upon separation, her § 448.08 fee demand lacks a legally cognizable foundation. Under Rule 12(f), courts routinely strike fee demands where no contractual or statutory basis exists on the pleaded facts. *Euro RSCG*, 872 F. Supp. 2d at 1360 (striking fee demand where Plaintiff failed to articulate a statutory or contractual basis for attorneys fees); *see also Hubbard v. Destin Fire Control Dist.,* No. 3:24CV335-MCR-ZCB, 2025 WL 657917, at *3 (N.D. Fla. Feb. 3, 2025) (sua sponte striking attorney's fees under Fla. Stat. § 448.08 where the FLSA claim was the only remaining claim and plaintiff provided no independent basis for state-law relief). Plaintiff's fee demand here should therefore be stricken as legally insufficient.

**CONCLUSION**

For the foregoing reasons, Defendant Town of Surfside respectfully requests that the Court: (a) dismiss Count II of Plaintiff's Complaint for failure to state a claim; (b) strike Plaintiff's request for attorney's fees in Count II; and (c) grant such other and further relief as the Court deems just and proper.

Dated: December 23, 2025.                    Respectfully submitted,

                                                **GRAYROBINSON, P.A.**

                                                */s/   Marlene Quintana*
                                                Marlene Quintana, B.C.S.
                                                Florida Bar No. 88358
                                                marlene.quintana@gray-robinson.com
                                                Andres J. Garcia
                                                Florida Bar No. 1058220
                                                andy.garcia@gray-robinson.com
                                                333 S.E. 2nd Avenue, Suite 3200
                                                Miami, Florida 33131
                                                Telephone: (305) 416-6880
                                                Facsimile: (305) 416-6887
                                                *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                              */s/ Andres J. Garcia*
                                                             *Counsel for Defendant*

#65578430 v2