UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DINA GOLDSTEIN,

    Plaintiff,

v.                                                          Case No.  25-CV-24805-MOORE/Elfenbein

TOWN OF SURFSIDE,

    Defendant.

_____/

**DEFENDANT'S PARTIAL ANSWER AND AFFIRMATIVE DEFENSES TO
COUNT I OF PLAINTIFF'S COMPLAINT[1]**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant, Town of Surfside ("Defendant" or the "Town"), by and through undersigned counsel, files this Partial Answer and Affirmative Defenses to Count I of Plaintiff, Dina Goldstein's, Complaint (ECF No. 1, the "Complaint") and states as follows:

Defendant admits that this action purports to be brought by Plaintiff, Dina Goldstein, against the Town of Surfside. Any remaining allegations in the prefatory section are legal conclusions to which no response is required; to the extent a response is required, denied.

*Parties, Jurisdiction, and Venue*

1.     Defendant admits that Plaintiff is over the age of 18. Defendant is without knowledge sufficient to admit or deny the allegations regarding Plaintiff's sui juris status and residency and therefore denies same.

---

[1] Defendant submits this Partial Answer to Count I of Plaintiff's Complaint for purposes of responding to Plaintiff's FLSA claim while contemporaneously moving to dismiss Count II. By filing this Partial Answer, Defendant does not waive and expressly preserves all defenses, objections, and rights under the Federal Rules of Civil Procedure, including the right to amend or supplement its Answer and assert additional defenses as permitted by the Rules or by order of the Court.

1

2.	Defendant admits that Plaintiff worked for the Town but denies the alleged dates to the extent they are inconsistent with Town records.

3.	Defendant admits that Plaintiff held the titles of Executive Assistant and Senior Executive Assistant to the Town's Chief of Police during portions of her employment with the Town.

4.	Defendant admits that it is a municipal corporation capable of being sued in this District but denies that Plaintiff has stated a cause of action against it and/or is entitled to any relief.

5.	Defendant admits that this Court has subject matter jurisdiction over federal claims brought under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (the "FLSA") and pendent/supplemental jurisdiction under related claims brought under Florida law. Defendant denies any implication that Plaintiff has stated a claim or is entitled to relief under the FLSA.

6.	Defendant admits that venue would be proper in this District but denies that Plaintiff has stated a cause of action and/or is entitled to any relief. All remaining allegations are legal conclusions or denied.

7.	Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint regarding conditions precedent and therefore denies same.

8.	Defendant admits that Plaintiff purportedly retained counsel. Defendant lacks sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies same.

## COUNT I – FLSA OVERTIME WAGE VIOLATION(S)

Defendant denies that Plaintiff may reincorporate paragraphs to the extent they are inconsistent with this Answer, and otherwise responds as above to each incorporated paragraph.

*FLSA Jurisdictional Allegations*

9.  Defendant admits that Plaintiff purportedly initiated this action by and through her own consent. Defendant lacks sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies same.

10. Defendant admits that Plaintiff was employed by the Town as defined under the FLSA, but denies all remaining allegations as legal conclusions, and denies any implication that Plaintiff has stated a claim or is entitled to relief under the FLSA.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits that Plaintiff performed administrative and clerical duties during her employment for the Police and Parking Departments. Defendant denies the remaining allegations in Paragraph 12 (including subparts a through l) of Plaintiff's Complaint, including that the listed duties constitute a complete or accurate description of Plaintiff's job responsibilities, and denies any implication that Plaintiff has stated a claim or is entitled to relief under the FLSA.

13. Defendant admits that Plaintiff performed administrative and clerical duties during her employment. Defendant denies the remaining allegations in Paragraph 13 of Plaintiff's Complaint, including that the listed duties constitute a complete or accurate description of Plaintiff's job responsibilities, and denies any implication that Plaintiff has stated a claim or is entitled to relief under the FLSA.

14. Defendant admits only that Plaintiff was paid by the Town and denies all alleged rates and dates as stated to the extent they are inconsistent with Town records. Defendant denies the remaining allegations in Paragraph 14 of Plaintiff's Complaint including any allegation that Plaintiff was underpaid or improperly compensated.

15. Defendant admits that it maintains employment records as required by applicable law. Defendant denies the remaining allegations in Paragraph 15 of Plaintiff's Complaint including any allegation of recordkeeping violations.

16. Defendant admits that it utilizes goods and materials that may have moved in interstate commerce. Defendant denies any remaining allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint, including any allegation that asserts the legal conclusion regarding Defendant's alleged enterprise coverage, interstate commerce activities, or revenue thresholds.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant admits that it paid Plaintiff during her employment but denies the remaining allegations in Paragraph 23 of Plaintiff's Complaint, including its characterization of salary and performance.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint, including any allegation that Plaintiff regularly and routinely worked more than forty hours in a workweek without proper overtime compensation, that Defendant knew of unpaid overtime, that overtime was not paid as required, that any violation was willful, or that Plaintiff is entitled to liquidated damages, fees, or costs.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

Prayer for Relief (COUNT I)

Defendant does not believe that a response is required for the unnumbered "WHEREFORE" Paragraph following Paragraph 31, including subparts (a) through (f). However, to the extent that a response is required, Defendant denies that there is any proper basis or cause of action to be brought before this Court and denies that Plaintiff is entitled to the relief requested, or any relief whatsoever from Defendant.

## GENERAL DENIAL

Defendant specifically denies each and every allegation of fact, conclusion of law or other matter contained in Plaintiff's Complaint that it has not specifically admitted in this pleading. Below, Defendant asserts defenses to which it does not concede that it bears either a burden of proof or persuasion, and states as follows:

## STATEMENT OF DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted, in whole or in part. Plaintiff fails to state a claim upon which relief can be granted, in whole or in part. Plaintiff has not pled, and cannot establish, facts sufficient to show that she was an "employee" of Defendant within the meaning of the Fair Labor Standards Act ("FLSA"), that Defendant was her "employer," that Defendant was subject to individual or enterprise coverage under the FLSA, or that Defendant failed to pay wages required by law.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was paid all wages, compensation, and remuneration required by law for all hours worked. Plaintiff did not work

uncompensated overtime hours. Alternatively, Defendant did not know and had no reason to know that Plaintiff allegedly worked overtime hours without proper compensation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because some or all of the time Plaintiff alleges was compensable overtime is exempt or otherwise not compensable under the FLSA.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they were not filed within the applicable statutes of limitation. Plaintiff cannot establish a willful violation sufficient to invoke the extended three-year limitations period.

### FIFTH AFFIRMATIVE DEFENSE

Defendant acted in good faith and with reasonable grounds for believing that its conduct complied with the FLSA and all applicable laws. Accordingly, Defendant is not liable for liquidated damages, and any recovery by Plaintiff is barred or limited.

### SIXTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff must be reduced or offset by wages, compensation, benefits, or other payments already made to Plaintiff, including any amounts paid in excess of statutory requirements.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent the alleged uncompensated time, if any, was de minimis and not compensable under the FLSA.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or limited to the extent she seeks damages not recoverable under the FLSA, including impermissible forms of compensatory, consequential, or punitive damages.

**NINTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert additional defenses revealed through discovery or otherwise permitted under the Federal Rules of Civil Procedure, and to amend this Answer accordingly.

**TENTH AFFIRMATIVE DEFENSE**

If any allegations of unlawful conduct are true, the Defendant employees implicated in those allegations, if any, acted on their own, in violation of Defendant's strict policies prohibiting such conduct, and acted outside the scope of their employment and authority.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer to state such other defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant is entitled to recover its court costs and attorneys' fees for the defense of Plaintiff's action because this action is frivolous and without foundation in law or fact.

WHEREFORE, premises considered, Defendant prays that this Court, upon hearing hereof, enter judgment as follows:

1. Ordering that Plaintiff take nothing by this action;

2. Dismissing Plaintiff's Complaint and any claim therein in its entirety with prejudice;

3. Ordering that judgment be entered in Defendant's favor;

4. Awarding Defendant its attorneys' fees against Plaintiff pursuant to applicable law;

5. Awarding costs to Defendant; and

6. Awarding Defendant such other relief, both at law and in equity, to which it may show itself to be justly entitled.

Dated: December 23, 2025.

Respectfully submitted,

**GRAYROBINSON, P.A.**

*/s/   Marlene Quintana*
Marlene Quintana, B.C.S.
Florida Bar No. 88358
marlene.quintana@gray-robinson.com
Andres J. Garcia
Florida Bar No. 1058220
andy.garcia@gray-robinson.com
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of December 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 */s/ Andres J. Garcia*
*Counsel for Defendant*