**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

DINA GOLDSTEIN,

    Plaintiff,

v.                                      Case No.  25-CV-24805-MOORE/Elfenbein

TOWN OF SURFSIDE,

    Defendant.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM**

Defendant, Town of Surfside (the "Town" or "Defendant"), by and through its undersigned counsel, hereby respond to the *Plaintiff's Statement of Claim* [ECF No. 7] filed by Plaintiff and served to the undersigned on December 2, 2025, pursuant to this Court's *Paperless Notice of Court Practice in Fair Labor Standards Act Cases and Referral to Magistrate Judge for Settlement Conference* [ECF No. 4], dated October 21, 2025, as follows:

**INTRODUCTION AND RESERVATION OF RIGHTS**

1. Defendant denies it has violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* ("FLSA") and denies that Plaintiff is entitled to any relief, including unpaid minimum wages, unpaid overtime compensation, liquidated damages, attorneys' fees, or costs. Defendant further denies that there exists any legal or factual basis for Plaintiff's claims.

2. Defendant reserves all defenses, including but not limited to defenses under the Fair Labor Standards Act ("FLSA"), any applicable exemptions, offsets, setoffs, good-faith defenses, statute of limitations, jurisdictional and venue defenses, and any contractual and policy-based defenses relating to paid time off.

## GENERAL RESPONSES

3. Defendant denies that Plaintiff has accurately stated her hours worked, pay received, or any overtime due and owing; denies that Plaintiff has accurately quantified any accrued but unused paid vacation; and denies that Plaintiff is entitled to liquidated damages, attorneys' fees, or costs in any amount.

4. Defendant denies that any of the amounts in Plaintiff's Statement of Claim are due or owing. Plaintiff asserts an aggregate estimate of $23,401.25, comprised of $6,778.56 in alleged unpaid overtime wages and $16,622.69 in alleged accrued but unused paid vacation time. The Town specifically denies each of these sums and the underlying assumptions.

5. Plaintiff is not entitled to any liquidated damages, attorneys' fees or costs because Plaintiff is not owed any unpaid wages, and there is no proper basis or cause of action before this Court.

## SPECIFIC RESPONSES

### A. FLSA Overtime

6. Defendant denies that Plaintiff is owed any overtime under the FLSA for the period alleged. Plaintiff claims overtime wages for hours worked "between October 17, 2022, and June 9, 2024."

7. Defendant denies the accuracy and methodology of Plaintiff's overtime table, including the alleged overtime hours, regular rates, overtime rates, and totals. Plaintiff lists biweekly pay periods with line-item "Overtime Wages Owed" totaling $6,778.56.

8. Defendant denies that Plaintiff is entitled to liquidated damages or any attorneys' fees and costs, as the Town acted in good faith and with reasonable grounds to believe its conduct complied with the FLSA. Plaintiff seeks liquidated damages equal to the above unpaid/underpaid overtime wages owed to her under the FLSA ($6,778.56), plus reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

9. Without admitting that any overtime is owed, Defendant asserts all applicable exemptions, credits, offsets, and setoffs, and denies that the regular and overtime rates alleged reflect Plaintiff's actual regular rate as defined by law, inclusive of all remuneration and exclusions.

10. Defendant asserts the applicable statute of limitations, denies any willful violation, and asserts that any recovery is limited to the appropriate lookback period.

### B. Accrued Vacation Time

11. Defendant denies that Plaintiff is owed any payout for accrued but unused vacation under applicable Town policies, practices, or any contract. Plaintiff claims $16,622.69 by multiplying "363.95 hours of paid vacation time that she accrued but did not use" by "her hourly rate of $45.6730."

12. Defendant denies Plaintiff's asserted accrual balance, hourly rate application, and eligibility for payout upon separation under Town policy, and asserts all defenses based on policy terms, accrual caps, forfeiture provisions, offsetting usage, and any prerequisite conditions to payout.

### C. Costs and Attorney's Fees

13. The Town denies that Plaintiff is a prevailing party or otherwise entitled to recover any fees or costs. Plaintiff lists "Costs: $405.00*" and "Grand Total: $6,566.50" in attorneys' fees, itemizing entries for counsel and staff, and noting "Pending charges for service of process on Defendant," while reserving the right to increase these amounts.

14. Defendant's response to Plaintiff's Statement of Claim is based on the information available to it to date.  Notwithstanding, Defendant does not waive any right to present new or additional information at a later date, or to amend its response to Plaintiff's Statement of Claim upon receipt of any such additional information.  Additionally, Defendant's response shall not

serve as a waiver of any substantive or procedural right and/or defense that Defendant may have raised up to this point in litigation or may raise at any other point.

Respectfully submitted this 23rd day of December 2025.

Dated: December 23, 2025.                                Respectfully submitted,

**GRAYROBINSON, P.A.**

*/s/   Marlene Quintana*
Marlene Quintana, B.C.S.
Florida Bar No. 88358
marlene.quintana@gray-robinson.com
Andres J. Garcia
Florida Bar No. 1058220
andy.garcia@gray-robinson.com
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 */s/ Andres J. Garcia*
*Counsel for Defendant*