UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DINA GOLDSTEIN,

    Plaintiff,

v.                                                      Case No.  25-CV-24805-MOORE/Elfenbein

TOWN OF SURFSIDE,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant, Town of Surfside ("Defendant" or the "Town"), by and through undersigned counsel, files its Answer and Affirmative Defenses to the Amended Complaint filed by Plaintiff, Dina Goldstein (ECF No. 23, the "Amended Complaint"), and states as follows:

*Parties, Jurisdiction, and Venue*

1. Defendant admits that Plaintiff is over the age of 18. Defendant is without knowledge sufficient to admit or deny the allegations regarding Plaintiff's sui juris status and residency and therefore denies same.

2. Defendant admits that Plaintiff worked for the Town from approximately March 31, 2008, to November 7, 2024.

3. Defendant admits that Plaintiff held the titles of Executive Assistant and Senior Executive Assistant to the Town's Chief of Police during the relevant portions of her employment with the Town.

1

4. Defendant admits that it is a municipal corporation capable of being sued in this District but denies that Plaintiff has stated a cause of action against it and/or is entitled to any relief.

5. Defendant admits that this Court has subject matter jurisdiction over federal claims brought under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (the "FLSA") and pendent/supplemental jurisdiction under related claims brought under Florida law. Defendant denies any implication that Plaintiff has stated a claim or is entitled to relief under the FLSA.

6. Defendant admits that venue would be proper in this District but denies that Plaintiff has stated a cause of action and/or is entitled to any relief. All remaining allegations are legal conclusions or denied.

7. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint regarding Plaintiff's alleged satisfaction of any conditions precedent to filing this lawsuit, and therefore denies same.

8. Defendant admits that Plaintiff purportedly retained counsel. Defendant lacks sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 8 of Plaintiff's Amended Complaint and therefore denies same.

## COUNT I – FLSA OVERTIME WAGE VIOLATION(S)

Defendant denies that Plaintiff may reincorporate paragraphs to the extent they are inconsistent with this Answer, and otherwise responds as above to each incorporated paragraph.

### *FLSA Jurisdictional Allegations*

9. Defendant lacks sufficient knowledge to either admit or deny the allegation contained in Paragraph 9 of Plaintiff's Amended Complaint and therefore denies same.

10. Defendant admits that Plaintiff was employed by the Town as defined under the FLSA, but denies all remaining allegations as legal conclusions, and denies any implication that Plaintiff has stated a claim or is entitled to relief under the FLSA.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12. Defendant denies the allegations contained in Paragraph 12 (including subparts a through l) of Plaintiff's Amended Complaint, including that the listed duties constitute a complete or accurate description of Plaintiff's job responsibilities, and denies any implication that Plaintiff has stated a claim or is entitled to relief under the FLSA.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14. Defendant admits only that Plaintiff was paid by the Town and denies all alleged rates and dates as stated to the extent they are inconsistent with Town records. Defendant denies the remaining allegations in Paragraph 14 of Plaintiff's Amended Complaint including any allegation that Plaintiff was underpaid or improperly compensated.

15. Defendant admits that it maintains employment records as required by applicable law. Defendant denies the remaining allegations in Paragraph 15 of Plaintiff's Amended Complaint including any allegation of recordkeeping violations.

16. Defendant admits that Plaintiff utilized telephones, computers, and related equipment in the course of her employment. Defendant denies any allegations contained in paragraph 16 of Plaintiff's Amended Complaint to the extent it suggests that such use independently establishes liability under the FLSA.

17. Defendant admits that it is a municipal entity and an enterprise subject to the FLSA. Defendant denies any allegations contained in paragraph 17 of Plaintiff's Amended Complaint to the extent they assert or imply that such enterprise status establishes liability or entitlement to relief.

18. Defendant admits that, as a municipal entity, it is an enterprise covered by the FLSA. Defendant denies any allegations contained in paragraph 18 of Plaintiff's Amended Complaint that its governmental functions, standing alone, establish that Plaintiff is entitled to overtime compensation under the FLSA.

19. Defendant admits that it purchases and uses goods, materials, and equipment in the course of municipal operations. Defendant denies any allegations contained in paragraph 19 of Plaintiff's Amended Complaint to the extent that such facts establish a violation of the FLSA or support Plaintiff's claims for relief.

20. Defendant admits that it uses telephones, computers, electronic communications, and internet-based systems in the conduct of municipal business. Defendant denies any allegations contained in paragraph 20 of Plaintiff's Amended Complaint to the extent that such conduct establishes liability under the FLSA.

21. Defendant admits that it may send or receive funds outside the State of Florida in the ordinary course of municipal operations. Defendant denies any allegations contained in paragraph 21 of Plaintiff's Amended Complaint to the extent that that such conduct gives rise to liability under the FLSA.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23. Defendant admits that it paid Plaintiff during her employment but denies the remaining allegations in Paragraph 23 of Plaintiff's Amended Complaint, including its characterization of salary and performance.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

28. Defendant denies that Plaintiff suffered damages in the manner or amount alleged. Defendant admits only that, to the extent any discrepancy in overtime calculations is proven, such discrepancy would be limited, unintentional, and subject to appropriate offsets and defenses. Defendant denies any remaining allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

<u>Prayer for Relief (COUNT I)</u>

Defendant does not believe that a response is required for the unnumbered "WHEREFORE" Paragraph following Paragraph 31, including subparts (a) through (f). However, to the extent that a response is required, Defendant denies that there is any proper basis or cause of action to be brought before this Court and denies that Plaintiff is entitled to the relief requested, or any relief whatsoever from Defendant.

**<u>GENERAL DENIAL</u>**

Defendant specifically denies each and every allegation of fact, conclusion of law or other matter contained in Plaintiff's Amended Complaint that it has not specifically admitted in this pleading. Below, Defendant asserts defenses to which it does not concede that it bears either a burden of proof or persuasion, and states as follows:

**<u>STATEMENT OF DEFENSES</u>**

**<u>FIRST AFFIRMATIVE DEFENSE</u>**

Plaintiff fails to state a claim upon which relief can be granted, in whole or in part. Plaintiff has not pled, and cannot establish, facts sufficient to show that Defendant failed to pay wages required by law.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims are barred, in whole or in part, because Plaintiff was paid all wages, compensation, and remuneration required by law for all hours worked. Plaintiff did not work uncompensated overtime hours. Alternatively, Defendant did not know and had no reason to know that Plaintiff allegedly worked overtime hours without proper compensation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because some or all of the time Plaintiff alleges was compensable overtime is exempt or otherwise not compensable under the FLSA.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they were not filed within the applicable statutes of limitation. Plaintiff cannot establish a willful violation sufficient to invoke the extended three-year limitations period.

### FIFTH AFFIRMATIVE DEFENSE

Defendant acted in good faith and with reasonable grounds for believing that its conduct complied with the FLSA and all applicable laws. Accordingly, Defendant is not liable for liquidated damages, and any recovery by Plaintiff is barred or limited.

### SIXTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff must be reduced or offset by wages, compensation, benefits, or other payments already made to Plaintiff, including any amounts paid in excess of statutory requirements.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent the alleged uncompensated time, if any, was de minimis and not compensable under the FLSA.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited to the extent she seeks damages not recoverable under the FLSA, including impermissible forms of compensatory, consequential, or punitive damages.

**NINTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert additional defenses revealed through discovery or otherwise permitted under the Federal Rules of Civil Procedure, and to amend this Answer accordingly.

**TENTH AFFIRMATIVE DEFENSE**

If any allegations of unlawful conduct are true, the Defendant's employees implicated in those allegations, if any, acted on their own, in violation of Defendant's strict policies prohibiting such conduct, and acted outside the scope of their employment and authority.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer to state such other defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant is entitled to recover its court costs and attorneys' fees for the defense of Plaintiff's action because this action is frivolous and without foundation in law or fact.

WHEREFORE, Defendant prays that this Court, upon hearing hereof, enter judgment as follows:

1. Ordering that Plaintiff take nothing by this action;

2. Dismissing Plaintiff's Amended Complaint and any claim therein in its entirety with prejudice;

3. Ordering that judgment be entered in Defendant's favor;

4. Awarding Defendant its attorneys' fees against Plaintiff pursuant to applicable law;

5. Awarding costs to Defendant; and

6. Awarding Defendant such other relief, both at law and in equity, to which it may show itself to be justly entitled.

Dated: January 26, 2026.   Respectfully submitted,

**GRAYROBINSON, P.A.**

*/s/  Marlene Quintana*
Marlene Quintana, B.C.S.
Florida Bar No. 88358
marlene.quintana@gray-robinson.com
Andres J. Garcia
Florida Bar No. 1058220
andy.garcia@gray-robinson.com
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of January 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 */s/ Andres J. Garcia*
 *Counsel for Defendant*