# EXHIBIT A

## LIMITED SETTLEMENT AGREEMENT
## AND RELEASE OF FLSA CLAIMS

This LIMITED SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS (the "Agreement") is entered into between DINA GOLDSTEIN ("GOLDSTEIN" or "Plaintiff") and TOWN OF SURFSIDE, FLORIDA (the "TOWN OF SURFSIDE" or "Defendant"), including its current and former elected or appointed members, officials, attorneys, representatives, agents, officers, executives and employees, whether acting in their official, individual, or personal capacity. Goldstein and the Town of Surfside are hereinafter referred to collectively as the "Parties."

## RECITALS

WHEREAS, Plaintiff has caused to be instituted a lawsuit against Defendant in the United States District Court for the Southern District of Florida, Case No. 1:25-cv-24805-KMM (the "Lawsuit"), alleging violations of the Fair Labor Standards Act ("FLSA"); and

WHEREAS, Defendant denies liability under the FLSA and enters into this Agreement solely to compromise disputed claims and avoid the costs and risks of continued litigation, without any admission of wrongdoing; and

WHEREAS, the Parties intend for this Agreement to fully and finally settle Plaintiff's FLSA claims against the TOWN OF SURFSIDE; and

WHEREAS, the Parties have stipulated, solely for purposes of resolving attorney's fees and costs under the FLSA in the Lawsuit, that Plaintiff shall be treated as the prevailing party pursuant to 29 U.S.C. §216(b), with the amount (not entitlement) of reasonable fees and costs to be awarded to Plaintiff's counsel as the only remaining issue to be determined by the District Court; and

Page 1 of 7


GOLDSTEIN


TOWN OF SURFSIDE

WHEREAS, the Parties, without establishing precedent, seek to avoid the uncertainties and expense of further litigation by resolving the Lawsuit and Plaintiff's FLSA claims (asserted or that could have been asserted in the Lawsuit), in exchange for the consideration described herein, subject to Court approval under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

The "Effective Date of this Agreement" means the date the United States District Court for the Southern District of Florida enters an order approving this Agreement pursuant to *Lynn's Food*.

The above recitals are true and correct, are incorporated herein by reference into, and form the basis for this Agreement.

NOW, THEREFORE, in consideration of the mutual promises and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

## I.  EXECUTION OF AGREEMENT AND JOINT MOTION TO APPROVE SETTLEMENT

Through this Agreement, each Party authorizes their counsel of record to execute on a Joint Motion to Approve Settlement ("Joint Motion") requesting the Court (a) approve this Agreement as fair and reasonable; (b) retain jurisdiction to determine the reasonable attorney's fees and cost to award to Plaintiff as the prevailing party in the Lawsuit under 29 U.S.C. §216(b); and (c) dismiss the Lawsuit with prejudice upon condition that the it retain jurisdiction to (i) determine the attorney's fees and costs to be awarded to Plaintiff's counsel, (ii) enter an Order thereon, and (iii) take such other actions as necessary and/or are related to enforcement of this Agreement. The Parties will file such Joint Motion, with a fully executed copy of this Agreement, by March 11, 2026.


GOLDSTEIN


TOWN OF SURFSIDE

## II.  CONSIDERATION

The Parties agree that the consideration identified in this Agreement is adequate and ample for the rights and claims waived and released under this Agreement, including:

### A.  Settlement Sum to Goldstein

The TOWN OF SURFSIDE shall pay GOLDSTEIN a total sum of Thirteen Thousand Five Hundred Fifty-Seven Dollars and Twelve Cents ($13,557.12) (the "Settlement Sum") consisting of (a) one check made payable to "Dina Goldstein" in the gross amount of Six Thousand Seven Hundred Seventy-Eight Dollars and Fifty-Six Cents ($6,778.56) in satisfaction of her claim for alleged overtime wages (for which a W2 will be issued and taxes and withholdings will be deducted); (b) and one check made payable to "Dina Goldstein" in the amount of Six Thousand Seven Hundred Seventy-Eight Dollars and Fifty-Six Cents ($6,778.56) in satisfaction of the liquidated damages allegedly owed to her (for which a 1099 will be issued and no deductions shall be taken). The Settlement Sum shall be paid by the TOWN OF SURFSIDE so it is received at FairLaw Firm, 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146, by March 25, 2026, but the Settlement Sum shall not be released to GOLDSTEIN and be held in escrow until the entry of an Order approving this Agreement.

### B.  Attorney's Fees and Costs

The stipulation and agreement that Plaintiff (a) shall be treated as the prevailing party in the Lawsuit under the FLSA and entitled to an award of reasonable attorney's fees and costs from Defendant pursuant to 29 U.S.C. § 216(b); and (b) to the Court determining the amount of reasonable attorney's fees and costs to be awarded. Nothing in this Agreement waives, releases, compromises, or limits Plaintiff's entitlement to recover reasonable attorney's fees and costs from Defendant or Defendant's right to contest the reasonableness of the amounts sought.

Page 3 of 7


GOLDSTEIN


TOWN OF SURFSIDE

### III.    LIMITED RELEASE AND WAIVER OF FLSA CLAIMS

In exchange for the Consideration identified in Paragraph II and as otherwise provided in this Agreement, GOLDSTEIN knowingly and voluntarily:

A.    releases, waives, and forever discharges the TOWN OF SURFSIDE of and from all claims, demands, actions, or causes of action under the FLSA, whether brought in the Litigation or that she has, had, or may have had against the TOWN OF SURFSIDE arising under the FLSA (only), whether known or unknown, through the Effective Date of this Agreement

B.    agrees not to file any further lawsuits against the TOWN OF SURFSIDE to assert any such FLSA claim she asserted or could have asserted in the Lawsuit.

C.    waives her right to recover in any action any wages or liquidated damages that may be brought on her behalf by any person or entity, including any governmental agency such as, for example, the Department of Labor, to the extent such action seeks recovery for the released FLSA wage claims. The foregoing agency is meant to be illustrative rather than all-inclusive.

D.    promises not to accept any relief or remedies as to any FLSA claim released by this Agreement that are not set forth in this Agreement.

GOLDSTEIN ACKNOWLEDGES, AGREES, AND UNDERSTANDS THAT THIS LIMITED RELEASE AND WAIVER OF CLAIMS IS A FULL AND FINAL BAR TO ANY AND ALL FLSA WAGE CLAIMS OF ANY TYPE THAT GOLDSTEIN HAD, OR MAY NOW HAVE AGAINST THE TOWN OF SURFSIDE UP THROUGH THE EFFECTIVE DATE OF THIS AGREEMENT.

If, despite this Limited Release and Waiver of Claims, GOLDSTEIN brings suit against the TOWN OF SURFSIDE on the basis of any FLSA claim GOLDSTEIN waived and released herein, GOLDSTEIN will be liable to the TOWN OF SURFSIDE for its attorney's fees, defense costs, and any other damages caused by the lawsuit or action.

### IV.    SURVIVING AND UNAFFECTED CLAIMS

Notwithstanding any other term or provision in this Agreement, the Parties further agree



GOLDSTEIN                                                                                       TOWN OF SURFSIDE

that nothing in this Agreement shall be construed to waive, bar, release, limit, abrogate, compromise, resolve, or adversely affect:

    A.    Town of Surfside, Florida, Personnel Appeals Board Case No.: 01-01-25, involving Dina Goldstein;

    B.    *Dina Goldstein v. Town of Surfside, Florida*, presently in the Circuit Court for Miami-Dade County under Case No.: 2025-000035-AP-01;

    C.    *Dina Goldstein v. Town of Surfside, Florida, Enrique Doce, and Mark Blumstein*, presently pending in the District Court for the Southern District of Florida under Case No.: 1:26-CV-20965-GAYLES.

    D.    any claim by GOLDSTEIN other than for unpaid wages and liquidated damages under the FLSA that was asserted or could have been in the Lawsuit.

    E.    any claim by GOLDSTEIN to paid time off she accrued but did not use as of November 7, 2024;

    F.    any future claims GOLDSTEIN has or may bring against the TOWN OF SURFSIDE that arise after the Effective Date of this Agreement; or

    G.    any non-FLSA claims or causes action GOLDSTEIN has or may have against any person or entity other than the TOWN OF SURFSIDE, and other than as specifically provided in this Agreement.

## V.   SEVERABILITY

The Parties agree that if any provision of this Agreement or any part of any provision of this Agreement, other than the waiver and release provision in paragraph IV, is found to be invalid by a court of competent jurisdiction, such finding shall not affect the validity of any other provision or part of this Agreement.

## VI.   GOVERNING LAW AND INTERPRETATION

This Agreement shall be governed by and construed in accordance with the laws of the State of Florida. The language of this Agreement shall be construed as whole, according to its fair meaning, and not strictly construed for or against either party.



Page 5 of 7

GOLDSTEIN            TOWN OF SURFSIDE

## VII. HEADINGS

Section headings used in this Agreement are for ease of reference only and shall not affect the meaning of any provision of this Agreement.

## VIII. DISPUTES

In the event of a dispute as to the interpretation or application of, or an alleged breach of, this Agreement, the Parties stipulate and agree that such dispute **SHALL BE HEARD BY A JUDGE, NOT A JURY**, the District Court for the Southern District of Florida in Miami-Dade County, Florida. The prevailing party in any such action arising out of or related to this Agreement shall be entitled to recover its/her attorney's fees and costs from the non-prevailing party.

## IX. ENTIRE AGREEMENT; AMENDMENTS; SIGNATURES

The Parties agree that this Agreement constitutes the entire and final understanding and agreement of the Parties with respect to the subject matter of this Agreement and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements, or representations concerning the Lawsuit and the FLSA claims and causes of actions that are the subject of this Agreement. This Agreement may not be amended except by a written agreement signed by the Parties or signed by their respective administrators, trustees, personal representatives, or successors, and shall no amendment to this Agreement shall be effective unless approved by the Court presiding over the Lawsuit.

THE PARTIES HAVE READ, UNDERSTOOD, AND FULLY CONSIDERED THIS AGREEMENT CONSISTING OF SEVEN PAGES AND ARE MUTUALLY DESIROUS OF ENTERING INTO THIS AGREEMENT. THE TERMS OF THIS AGREEMENT ARE THE PRODUCT OF MUTUAL NEGOTIATION AND COMPROMISE BETWEEN GOLDSTEIN AND THE TOWN OF SURFSIDE. HAVING ELECTED TO EXECUTE THIS AGREEMENT,

Page 6 of 7



GOLDSTEIN                                                   TOWN OF SURFSIDE

FULFILL THE PROMISES SET FORTH HEREIN, AND RECEIVE THEREBY THE BENEFITS SET FORTH ABOVE, GOLDSTEIN FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT.

IN WITNESS WHEREOF, GOLDSTEIN and the TOWN OF SURFSIDE have executed this Agreement.

DINA GOLDSTEIN

*Dina L*
Dina Goldstein (Feb 27, 2026 15:41:37 EST)

Feb 27, 2026
Date

TOWN OF SURFSIDE

By: _____
Mario Diaz
Acting Town Manager

3/11/26
Date

Attest: _____
For Sandra McCready
Town Clerk

3/11/26
Date

Approved as to form and legal sufficiency:

By: _____
Thais Hernandez, Esq.
Town Attorney

3/11/2026
Date



Page 7 of 7

GOLDSTEIN

MAD
TOWN OF SURFSIDE