**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-24805-KMM

DINA GOLDSTEIN,

      Plaintiff,

v.

TOWN OF SURFSIDE, FLORIDA,

      Defendant.

                                        /

## ORDER

THIS CAUSE came before the Court upon the Parties' Joint Motion to Approve Settlement and for Dismissal with Prejudice. ("Mot.") (ECF No. 33).

The Fair Labor Standard Act, 29 U.S.C. §§ 201 *et seq*. (the "FLSA"), requires, upon settlement of an FLSA claim, either approval of the settlement agreement by the Secretary of Labor, or judicial review and the court's determination that the settlement agreement is a "fair and reasonable resolution of a bona fide [FLSA] dispute[.]" *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). This includes "review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Id.* The framework for assessing the reasonableness of an FLSA settlement agreement should include, among other things, analysis of: (1) the existence of fraud or collusion; (2) the complexity and duration of the litigation; and (3) the stage of the proceedings upon settlement. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). In evaluating specifically the reasonableness of the proposed attorney's fee recovery, the Court should also consider the possible range of the plaintiff's recovery, *id.*, as

compared to the extent of success in obtaining the maximum recovery and whether that extent of success justifies the amount of counsel's fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983); *Dees,* 706 F. Supp. 2d at 1241, 1243.

Here, the case involved disputes of issues, including whether Plaintiff worked overtime hours, how many hours she worked, and whether she was underpaid for those hours, constituting a bona fide dispute. *See generally* (ECF Nos. 1, 25). Under the Settlement Agreement, Plaintiff is receiving $6,778.56 in unpaid overtime wages and $6,778.56 in liquidated damages. (ECF No. 33-1) at 4. Plaintiff initially sought $23,401.25, which included the $6,778.56 in overtime wages, as well as $16,622.69 in unpaid vacation time. (ECF No. 7) at 2. Because Plaintiff is receiving less than the amounts she claims in the Complaint, she has compromised her claim under the FLSA. After receiving sufficient information to make informed decisions, the Parties decided to settle their dispute. The Parties cite numerous factors that support the reasonableness of their settlement, including that the cost of protracted litigation—which would be "inevitable" because the Parties "disagree about the merits of Plaintiff's claim and the applicable defenses"—would be exceedingly high, exceeding damages Plaintiff could recover in this action. Mot. at 3–4. The Court finds that the settlement is fair considering the genuine disputes that still exist between the Parties as to the merits of Plaintiff's claims.

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court finds that the settlement is fair and reasonable. Accordingly, it is ORDERED AND ADJUDGED that the Joint Motion to Approve Settlement and for Dismissal with Prejudice (ECF No. 33) is GRANTED and the Settlement Agreement (ECF No. 33–1) is APPROVED. Plaintiff's Complaint (ECF No. 1) is hereby DISMISSED WITH PREJUDICE. The Court retains jurisdiction to enforce the terms of the Parties' settlement and to

rule on Plaintiff's forthcoming motion for attorney's fees.  Plaintiff shall file such a motion, including detailed affidavits as to the hours Plaintiff's counsel expended, on or before April 6, 2026.

DONE AND ORDERED in Chambers at Miami, Florida, this __20th__ day of March, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record